[Cite as *Thompson v. Thompson*, 188 Ohio App.3d 199, 2010-Ohio-2534.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| THOMPSON, | ) | |
| | ) | |
| APPELLANT, | ) | |
| | ) | |
| v. | ) | CASE NO. 09-CA-861 |
| | ) | |
| THOMPSON, | ) | OPINION |
| | ) | |
| APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:   Civil Appeal from Court of Common
Pleas, Domestic Relations Division of
Carroll County, Ohio
Case No. 08DRA25692

JUDGMENT:   Affirmed

APPEARANCES:


Lorrie E. Fuchs, for appellant.

Diane J. Thompson, pro se.



JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro


Dated: June 4, 2010

DONOFRIO, J.

{¶1} Plaintiff-appellant, David Thompson, appeals from a Carroll County Common Pleas Court judgment granting a divorce between him and defendant-appellee, Diane Thompson, and finding Florida to be the home state of the parties' children.

{¶2} The parties were married on July 5, 1985. Seven children were born as issue of the marriage: Deborah (d.o.b. 11/17/92); Jeremiah (d.o.b. 3/13/96); Gabrielle (d.o.b. 5/9/97); Sarah (d.o.b. 6/4/98); Noah (d.o.b. 11/11/99); Lucas (d.o.b. 1/9/02); and Victoria (d.o.b. 10/13/03).

{¶3} Sometime in 2005, appellee left Ohio with the children. It is unclear exactly where appellee went initially. But it appears that she and the children spent some time in Texas before moving to Florida. By November 2007, appellee and the children were living in Florida, where they have remained.

{¶4} Appellant filed a complaint for divorce on November 4, 2008. In the complaint, he sought custody of the parties' children. At the time, he was unaware of where appellee and the children were living.

{¶5} On December 22, 2008, a letter was received by the Carroll County Clerk of Courts from Legal Services of North Florida stating that it was representing appellee in a dissolution action filed in Florida.

{¶6} On June 24, 2009, a copy of a document filed in a Florida court was file-stamped and made a part of the record in this case. The document was titled Verified Ex-Parte Motion for Temporary Injunction to Prevent Removal of Minor Child(ren) and Request for Confidential Filing of Address. In this document, appellee requested that the Florida court issue a temporary injunction to prevent the removal of the children from its jurisdiction and allow her to file her address confidentially. In support of her requests, appellee asserted that she feared for her safety and the children's safety. She detailed an extensive history of domestic violence by appellant. This is the only document in the record filed by appellee.

{¶7} The trial court proceeded with the divorce hearing. Appellee did not appear, nor did an attorney appear on her behalf. The trial court heard testimony from

appellant, his mother, and his sisters.

{¶8} The court made the following findings in its judgment entry granting appellant a divorce from appellee. Appellee removed the children from Ohio sometime during 2005, and they have not since returned. Since November 2007, appellee and the children have resided in Okaloosa County, Florida. Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, the children's home state is Florida. Therefore, the court cannot exercise personal jurisdiction over the children nor issue any order with respect to the allocation of parental rights and responsibilities.

{¶9} Appellant filed a timely notice of appeal on July 24, 2009.

{¶10} Appellee has failed to file a brief in this matter. Therefore, we may consider appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain that action. App.R. 18(C).

{¶11} Appellant raises a single assignment of error, which states:

{¶12} "The trial court abused its discretion and committed an error of law when it failed to find that the home state for the children was the state of Ohio and when it failed to award custody of the children to the plaintiff."

{¶13} Appellant argues that the trial court should have found Ohio to be the children's home state and awarded custody to him. He points out that the evidence demonstrated that appellee removed the children from Ohio in 2005 and failed to disclose their whereabouts to him. Appellant alleges that appellee did not enroll the children in school or obtain a job, so as to avoid being located by him.

{¶14} The Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") was enacted in 1997 to address interstate recognition and enforcement of child-custody orders. R.C. 3127.01(A).

{¶15} A trial court's decision to exercise jurisdiction pursuant to the UCCJEA is a matter within its discretion. *Rodriguez v. Frietze*, 4th Dist. No. 04CA14, 2004-Ohio-7121, at ¶22. Thus, we will not reverse the trial court's decision on this matter absent an abuse of discretion. An abuse of discretion connotes more than an error of law; it implies that the trial court's judgment is unreasonable, arbitrary, or unconscionable.

*Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

**{¶16}** The record does not identify any prior custody orders in this case. As set out in R.C. 2111.08, because appellant and appellee were married, they had equal rights to the custody of their children:

**{¶17}** "The wife and husband are the joint natural guardians of their minor children and are equally charged with their care, nurture, welfare, and education and the care and management of their estates. The wife and husband have equal powers, rights, and duties and neither parent has any right paramount to the right of the other concerning the parental rights and responsibilities for the care of the minor * * *."

**{¶18}** Because the parties had equal rights to the care and custody of the children and because there was no previous order concerning the children's custody, this case involved an initial custody determination.

**{¶19}** R.C. 3127.15 deals with a court's jurisdiction to make initial custody determinations under the UCCJEA:

**{¶20}** "(A) Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state has jurisdiction to make an initial determination in a child custody proceeding only if one of the following applies:

**{¶21}** "(1) *This state is the home state of the child on the date of the commencement of the proceeding*, or *was the home state of the child within six months before the commencement of the proceeding* and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

**{¶22}** "(2) A court of another state does not have jurisdiction under division (A)(1) of this section or a court of the home state of the child has declined to exercise jurisdiction on the basis that this state is the more appropriate forum under section 3127.21 or 3127.22 of the Revised Code, or a similar statute of the other state, and both of the following are the case:

**{¶23}** "(a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

**{¶24}** "(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

**{¶25}** "(3) All courts having jurisdiction under division (A)(1) or (2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child * * *.

**{¶26}** "(4) No court of any other state would have jurisdiction under the criteria specified in division (A)(1), (2), or (3) of this section.

**{¶27}** "(B) Division (A) of this section is the exclusive jurisdictional basis for making a child custody determination by a court of this state.

**{¶28}** "(C) Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination."

**{¶29}** Pursuant to R.C. 3127.01(B)(7), a child's "home state" is "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately preceding the commencement of a child custody proceeding and, if a child is less than six months old, the state in which the child lived from birth with any of them." (Emphasis added.)

**{¶30}** Based on the above, the trial court did not abuse its discretion in determining that Florida, and not Ohio, is the children's home state. Therefore, once it made that decision, it did not have jurisdiction to make an award as to their custody. None of the conditions specified in R.C. 3127.15(A) for making an initial custody determination exist here. The children have not resided in Ohio since sometime in 2005. Since November 2007, they have resided with appellee in Florida. Appellant did not commence the divorce proceedings until November 4, 2008. By this time, the children had not resided in Ohio for three years and had resided in Florida for at least the previous 12 months. Thus, Ohio was not the children's home state on the day appellant commenced the divorce action, nor was Ohio their home state within six months of the commencement of the divorce action.

**{¶31}** Finding no Ohio case on point, appellant relies on two out-of-state cases, *Sams v. Boston* (W.Va.1989), 384 S.E.2d 151, and *Gruber v. Gruber* (Md.2001), 784

A.2d 583, in support of his argument.

{¶32} In *Boston*, the Supreme Court of Appeals for West Virginia held that when children have been abducted to and concealed in another state by one of the parents, the children's original state remains their "home state" for a reasonable period of time under the circumstances. Id., 384 S.E.2d at 162. And in *Gruber*, the Court of Special Appeals of Maryland held that "deception directly resulting in the establishment of home state jurisdiction is reprehensible conduct that may be 'so objectionable that a court in the exercise of its inherent equity powers cannot in good conscience permit that party access to its jurisdiction.'" Id., 784 A.2d at 599.

{¶33} One significant difference exists between the cited cases and the present case. In *Boston* and *Gruber*, courts in both states entered orders relating to custody, neither one deferring to the other or finding that it did not have jurisdiction. In the case sub judice, however, the trial court found that it did *not* have jurisdiction to enter a custody order. And under our standard of review, this was a matter within the trial court's discretion.

{¶34} One case from this district also lends some guidance here. In *In re Sklenchar*, 7th Dist. No. 04-MA-55, 2004-Ohio-4405, the father moved to Alabama with the parties' children. Eight months later, the mother, who was still in Ohio, filed a motion for custody. The father later filed a divorce complaint in Alabama. The Alabama court granted the father a divorce and granted him custody of the children. Subsequently, the trial court in Ohio determined that it did not have jurisdiction over the children and that the matter had already been adjudicated in Alabama. The mother appealed, arguing in part that Ohio, not Alabama, was the home state.

{¶35} In affirming the trial court's decision, this court pointed out that the parties had equal rights to their children and the father's relocation to Alabama was not contrary to any Ohio order. In fact, there was never an Ohio custody order in place. Id. at ¶49, 52. We also noted that the father had had physical custody of the children for several years and the mother did not request custody or visitation until eight months after the father and children moved to Alabama. Id. at ¶64.

{¶36} In *Sklenchar*, there was no custody order in place, and appellee's move to Florida was not against any Ohio court order. Additionally, as was the case in *Sklenchar*, appellee here has had physical custody of the children since she left appellant in 2005. And it was not until November 2008 that appellant filed the divorce action seeking custody of the children.

{¶37} Appellant testified at the divorce hearing that he was unaware of the fact that appellee was going to leave Ohio with the children. And he testified that he tried to locate them but was unsuccessful. However, he also admitted that once he received an address for them in Florida, he never attempted to go there to visit his children or track them down. And he offers no explanation why he waited three years to initiate any attempt to seek custody or visitation with the children.

{¶38} Given the above considerations, we cannot conclude that the trial court acted unreasonably, arbitrarily, or unconscionably in determining that it did not have jurisdiction to issue a custody award in this case. Accordingly, appellant's sole assignment of error is without merit.

{¶39} For the reasons stated above, the trial court's judgment is hereby affirmed.

Judgment affirmed.

WAITE and DEGENARO, JJ., concur.